**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 14, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOSEPH DANIEL ARCHULETA,

    Defendant-Appellant.

No. 09-4231

(D.C. No. 2:09-CR-00124-CW-1)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **TACHA** and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

Defendant Joseph Daniel Archuleta pled guilty to one count of possession of

methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and was

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentenced to a term of imprisonment of 188 months. Archuleta now appeals, claiming the sentence imposed by the district court is substantively unreasonable. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

On March 11, 2009, a federal grand jury indicted Archuleta on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of possessing with intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On May 29, 2009, Archuleta pled guilty to the possession of methamphetamine charge in exchange for the government's agreement to dismiss the felon in possession charge.

On July 13, 2009, the probation office disclosed to the district court and the parties its presentence report (PSR). In calculating Archuleta's advisory guideline range, the PSR first imposed a base offense level of 26 pursuant to U.S.S.G. § 2D1.1(c)(7) and a 2-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for Archuleta having possessed a firearm in connection with the offense of conviction. The PSR then imposed an 8-level enhancement because it concluded Archuleta satisfied the definition of "career offender" outlined in U.S.S.G. § 4B1.1(a) and the applicable offense level from the career offender table set forth in U.S.S.G. § 4B1.1(b)(B), i.e., 34, was greater than the offense level otherwise applicable to Archuleta. Lastly, the PSR imposed a 3-level decrease pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility, resulting in a total offense level of 31. That offense level, combined with Archuleta's criminal history score of 14 and

criminal history category of VI, resulted in an advisory guideline range of 188 to 235 months.[1]

Archuleta filed no objections to the PSR. He did, however, file a motion for downward departure or, in the alternative, downward variance. In that motion, Archuleta asserted the district court should "impose a sentence within the applicable guideline range without application of the career offender guideline," i.e., a sentence of 110 to 137 months. ROA, Vol. 1 at 22. Archuleta's motion argued this could be accomplished by way of "a § 4A1.3 vertical departure from the career criminal guideline" based upon the mitigating details of his criminal history. Id. at 25. Although Archuleta conceded "[h]e [had been] in trouble all of the time," he argued his "trouble [was] of a less serious nature than the worst of the worst offenders," i.e., the "offenders which the [career offender] guideline must be attempting to identify . . . ." Id. In particular, Archuleta asserted he "ha[d] never been convicted of a violent crime for the purposes of the career offender guidelines," id., and he asserted his drug distribution offenses were driven by his own addiction to drugs.

Archuleta's motion also argued that a sentence of 110 to 137 months could be accomplished by way of a downward variance from the advisory career criminal

---

[1] A revised PSR was subsequently filed adding a 2-level enhancement for possession of a dangerous weapon, which resulted in a total offense level, absent the career offender provisions, of 25. This revised total offense level would have, but for the career offender provisions, produced an advisory guideline range of 110 to 137 months. Because of the applicability of the career offender provisions, however, the revision to the PSR did not impact Archuleta's total offense level or his advisory guideline range.

guidelines. In particular, Archuleta suggested the district court could impose a sentence "within the [advisory] guideline range, as calculated without the career offender provisions . . . ." Id. at 33. Archuleta argued that "this straight guideline sentence on his drug count with a criminal history category of VI [wa]s appropriate to account for his criminal culpability in total . . . ." Id. at 26.

The government filed a response in opposition to Archuleta's motion, arguing "there [we]re no 'genuinely distinguishing factors' that would justify refusing to treat [Archuleta] as a career offender." Id. at 57 (quoting United States v. Friedman, 554 F.3d 1301, 1310 (10th Cir. 2009)). The government noted Archuleta "ha[d] 10 criminal convictions along with 7 additional arrests since becoming an adult," id. at 59, and two of those prior convictions involved distribution of "large quantities of drugs," id. at 57. Consequently, the government argued, Archuleta's criminal history "put him squarely within [the career offender] category." Id.

Archuleta's sentencing hearing took place on November 20, 2009. At the outset of the hearing, the district court concluded the PSR's advisory guideline calculations were correct, and that "unless there [wa]s a disregarding of the career offender category," ROA, Vol. 2 at 7, Archuleta's advisory guideline range was "188 to 235 months," id. at 7-8. Turning to Archuleta's motion for a downward departure or variance, the district court noted that Archuleta "started having troubles with the juvenile system in 1989, maybe at 14 or 15," and had "basically been constantly in trouble from that time to the present." Id. at 12-13. In light of this history, the district court noted, it "ha[d] great

4

difficulty . . . finding any reason not to conclude that . . . Archuleta [wa]s a career offender." Id. at 25. "And," the district court concluded, because the Sentencing Commission had "spell[ed] out quite clearly that the required sentence for someone with [Archuleta's] kind of history [wa]s a severe sentence," the court was "required to find, based on the[] facts, that . . . Archuleta [wa]s a career offender, and [it] w[ould] sentence him at the low end of the Guideline range." Id. Accordingly, the district court imposed a sentence of 188 months' imprisonment, a term at the bottom of the advisory guideline range.

Judgment was entered in the case on November 30, 2009. Archuleta filed a notice of appeal on December 15, 2009.

II

On appeal, Archuleta contends "[t]he within-guidelines sentence imposed [by the district court] was substantively unreasonable." Aplt. Br. at 7. According to Archuleta, his "acceptance of responsibility for his present crime and understanding of the nature and effects of his drug addiction and criminal history, coupled with the fact that only one of his prior controlled substance offenses involved a very large quantity of drugs," constituted "'genuinely distinguishing factors'" that "justif[ied] a variance from [the] otherwise applicable career offender guideline sentence." Id. at 15 (quoting Friedman, 554 F.3d at 1310). Consequently, he argues, "a guidelines sentence was substantively unreasonable in [his] case and the district judge abused his discretion in imposing it." Id. at 15-16.

5

We review criminal sentences for reasonableness, giving deference to the district court under "the familiar abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 46 (2007). A sentence is substantively unreasonable if its length is unreasonable "given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Verdin-Garcia, 516 F.3d 884, 895 (10th Cir. 2008) (internal quotation and citation omitted). We presume that a sentence within a properly-calculated Guidelines range is substantively reasonable. United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006). This presumption can be rebutted if the defendant shows the sentence imposed is unreasonable in light of the factors set forth in 18 U.S.C. § 3553(a). Id.

At the outset, we note Archuleta does not dispute, and the record on appeal firmly establishes, that the district court properly applied the career offender provisions of U.S.S.G. § 4B1.1 in calculating Archuleta's advisory guideline range. More specifically, Archuleta qualifies as a "career offender" under § 4B1.1(a) because (1) he was more than eighteen years old at the time he committed the instant offense of conviction, (2) the instant offense of conviction constitutes a "controlled substance offense" under U.S.S.G. § 4B1.2(b), and (3) Archuleta has two prior felony convictions that likewise qualify as "controlled substance offense[s]" under § 4B1.2(b). See U.S.S.G. § 4B1.1(a) (defining career offender).

Turning directly to Archuleta's arguments, we conclude, after carefully examining the record on appeal, that he has failed to rebut the presumption of reasonableness we

must afford to the sentence imposed by the district court. As the district court noted at the time of sentencing, Archuleta's criminal history is quite extensive, beginning when Archuleta was fourteen years old and continuing unabated, save for his periods of confinement, until his arrest in connection with the instant case at the age of thirty-four. As an adult, Archuleta was convicted ten times between March 1993 and February 2009, and served time in both state and federal correctional facilities. Of those ten prior adult convictions, two involved the possession or attempted possession of methamphetamine with intent to distribute. The most recent of those two convictions, in March 2006, arose out of Archuleta's possession with intent to distribute approximately two pounds of methamphetamine. Although Archuleta was sentenced in connection with that conviction to a term of imprisonment of one to fifteen years, he ultimately served less than three years and was discharged from state confinement on April 29, 2008. Following an intervening arrest in October 2008 for driving on a suspended license, Archuleta committed the instant offense, which again involved the possession of methamphetamine with intent to distribute, on January 21, 2009. The fact that both Archuleta's first and most recent drug-trafficking convictions involved lesser quantities of methamphetamine than his second such conviction does nothing to persuade us the career offender provisions of the guidelines should have been effectively ignored by the district court. The same holds true for Archuleta's acceptance of responsibility for the instant offense of conviction, including his seemingly sincere recognition of his underlying drug addiction. Instead, we are persuaded the district court adequately took those factors into account

7

when it imposed a sentence at the bottom of Archuleta's advisory guideline range. Thus, in sum, we conclude there was no abuse of discretion on the part of the district court in refusing to impose a sentence below the advisory guideline range.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Chief Judge